No. 889

NIRO et al v. FABRY et al.

Ohio Appeals, 8th District, Cuyahoga County

No. 4378.  Decided Oct. 29, 1923

**269. NEW TRIAL.**

Failure of affidavit for new trial based on newly discovered evidence to set forth "due diligence" as the matter contained therein defeats review.

**327. SALES.**

Record of outstanding chattel mortgage held no excuse for failure to give notice thereof.

**166. ERROR.**

Bill of exceptions must contain all of evidence to review weight—Errors in court's charge not considered unless the bill of exceptions contains charge.

SULLIVAN, J.

### Epitomized Opinion

Niro sold to the defendant, Fabry, and others, a truck for $3,300, $1,000 of which was to be paid in cash and the balance in installments; $1,000 was paid according to the terms of the written agreement, and one installment was paid, followed by a refusal of defendants to pay the remainder. At the time of the sale there was a chattel mortgage on record in favor of one Tipling, upon which there was a balance due of about $1,620. There was a conflict in the evidence as to whether the vendor gave the vendee notice of this mortgage.

The vendor claimed that notwithstanding this conflict, by the recording of the mortgage the vendee had constructive notice. The vendee filed a cross-petition and judgment was rendered in their favor for the sum of $1,530.91. A motion for a new trial was filed upon the ground of newly discovered evidence, but the affidavit did not set forward that the plaintiff had exercised due diligence prior to the trial. The bill of exceptions did not disclose errors claimed to have existed in the court's charge. In sustaining the judgment of the lower court, the Court of Appeals held:

1. A failure to set forth in an affidavit attached to a motion for a new trial upon the ground of newly discovered evidence, that due diligence was exercised to procure said evidence prior thereto, renders such an affidavit fatal in character, and the evidence set forth therein cannot be considered by a reviewing court to ascertain whether there was an abuse of discretion on the part of the trial court.

2. The vendor cannot be excused by relying upon the Recording Act (GC. 8560) from giving notice to the vendee in the sale of mortgaged property, that a lien exists thereon, as the purpose of this statute was not to relieve the vendor from giving the vendee such notice.

3. Where the error assigned is that the judgment below is against the weight of the evidence, it must appear from the bill of exceptions that it contains all the evidence given upon the trial.

4. As the bill of exceptions does not set forward the charge complained of, reviewing court will not review the question as to whether the court committed error in charging upon the question of notice.

Attorneys—S. Y. Allen, for Niro et al; M. C. Nudman and D. R. Hertz, for Fabry et al.